POLSTON, C.J.,
dissenting.
I respectfully dissent because the plain meaning of the Florida Civil Rights Act does not encompass pregnancy discrimination.
Specifically, section 760.10, Florida Statutes (2011) (emphasis added), of the Florida Civil Rights Act of 1992 provides the following:
(1) It is an unlawful employment practice for an employer:
(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment; because of such individual’s race, color, religion, sex, national origin, age, handicap, or marital status.
The plain meaning and fair import of the term “sex” as used in section 760.10 is gender, meaning whether one is female or male. See Merriam Webster’s Collegiate Dictionary 1073 (10th ed. 2001) (defining “sex” as “either of the two major forms of individuals that occur in many species and that are distinguished respectively as female or male”); Gamer’s Modem American Usage 789 (3d ed. 2009) (defining the noun “sex” by referring the reader to the definition of “gender”). On its face, the term “sex” does not refer to whether one is pregnant or not pregnant even though that status is biologically confined to one gender. See Boone v. Total Renal Labs., Inc., 565 F.Supp.2d 1323, 1325 (M.D.Fla. 2008) (“On its face, the FCRA does not cover pregnancy.”); see also Gen. Elec. Co. v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) (concluding that pregnancy discrimination does not in itself constitute sex discrimination while interpreting Title VII of the federal Civil Rights Act, which at the time included language very similar to Florida’s current statute). Therefore, pursuant to the statute’s plain meaning, section 760.10’s prohibition against sex discrimination does not encompass discrimination on the basis of pregnancy.
Accordingly, I would approve the holding of the Third District, and I respectfully dissent. I also note that recourse for *377 pregnancy discrimination unquestionably exists for Floridians under the plain meaning of current federal law. See Boone, 565 F.Supp.2d at 1326-27 (“Title VII, as amended by the PDA, provides a cause of action for pregnancy discrimination and thus is broader in its protections than the FCRA.”).